UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TARA SPEICHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:16-cv-00059 |
| | ) |
| COMMUNITY DENTAL CLINIC, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Tara Speicher ("Speicher"), by counsel, files this Complaint and Demand for Jury Trial against Defendant Community Dental Clinic, Inc.("Community Dental"), under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.* and Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

**I.    PARTIES, VENUE, AND JURISDICTION**

1. Speicher, a female, resides in LaGrange, Indiana, which is in LaGrange County, within the Northern District of Indiana, Fort Wayne Division.

2. Community Dental has offices and conducts business in the Northern District of Indiana.

3. Speicher was an "employee" of Community Dental within the meaning of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111 (4) from April 2013 until her employment was involuntarily terminated on December 1, 2014.

4. Community Dental is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111 (5).

5. This Court has personal jurisdiction over Plaintiff and Defendant and venue is proper in this court.

6. This Court has original subject matter jurisdiction over Speicher's claims under 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12101 *et seq.*

7. Speicher satisfied her obligations to exhaust administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Speicher received her Notice of Right to Sue on December 7, 2015.

8. Venue is proper pursuant to 28 U.S.C. § 1391, in that Community Dental is subject to personal jurisdiction in the Northern District of Indiana, Community Dental regularly conducts business activities within the Northern District of Indiana, and a substantial part of the events giving rise to the Plaintiff's claims occurred in the Northern District of Indiana.

## II. FACTUAL ALLEGATIONS

9. Speicher hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

10. Speicher worked as a receptionist at Community Dental from April 2013 until December 1, 2014.

11. During her job interview, the Community Dental Office Manager asked Speicher whether she was pregnant. Speicher replied that she was not pregnant.

12. Speicher began fertility treatment in January 2014.

13. In April 2014, Speicher learned that she was pregnant.

14. About two weeks after learning she was pregnant, Speicher requested time off from work for a doctor's appointment. Speicher's immediate supervisor became angry, threw a pen, and said "you were just there."

2

15. Speicher did not plan or intend to share her pregnancy news with Community Dental during the first trimester of her pregnancy.

16. Speicher felt pressured to explain the reason for her doctor's appointment so that she could keep her doctor's appointment, so she disclosed her pregnancy to Community Dental in mid-April 2015.

17. During Speicher's pregnancy, she developed gestational diabetes.

18. Due to the gestational diabetes, Speicher was required to have appointments with her doctor each Friday of her pregnancy.

19. Speicher's supervisor repeatedly harassed Speicher and complained about her weekly doctor appointments.

20. In September 2014, Community Dental hired a receptionist and instructed Speicher to train that person.

21. Community Dental told Speicher this new employee would fill in for Speicher while she was on maternity leave, but that after Speicher returned from maternity leave, the new employee would work one day a week to cover days off for the other receptionists.

22. Speicher trained the new employee.

23. On December 1, 2014, Speicher was at work when she thought she was going into labor.

24. Speicher informed her supervisor that she might be starting labor and called her doctor.

25. Speicher's doctor advised her to come to the doctor's office to be checked.

26. Speicher's doctor examined her, found she was not in labor, and authorized Speicher to return to work.

27. Speicher immediately called her supervisor informing her that Speicher was not in labor and was cleared by her doctor to return to work.

28. Speicher attempted to return to work on December 1, 2014.

29. Speicher's supervisor refused to allow Speicher to return to work on December 1, 2014, or on any day after that.

30. Speicher contacted her supervisor several times over the next week, asking to return to work, but she was not permitted by Community Dental to return to work.

31. Speicher delivered her baby on December 7, 2014.

32. After giving birth, Speicher contacted her supervisor in early January 2015 to communicate about her planned return to work.

33. Speicher was told repeatedly that they "were not busy" and "were having trouble filling appointments."

34. Speicher's return to work date changed a few times, but was ultimately set for February 17, 2015.

35. On February 17, 2015, Community Dental informed Speicher that she was terminated. Speicher's supervisor called and told Speicher's husband that Speicher was being laid off.

36. Speicher called her supervisor back and asked why she was being laid off.

37. Speicher's supervisor told her that a meeting had been held late the night before and that the supervisor and a board member named Eric thought it would be best to lay her off because she just had a baby and she had already been off of work.

38. Since February 17, 2015, Speicher has tried several times to get back to work, but without success.

39. On May 4, 2015, Speicher visited the Community Dental office as a patient.

40. While at Community Dental that day, Speicher discovered that the new employee whom she had trained to provide coverage while Speicher was on maternity leave was working there as a receptionist.

41. Community Dental did not eliminate Speicher's position.

42. Community Dental replaced Speicher with the person she trained in the fall of 2014.

43. On May 28, 2015, Speicher filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Community Dental alleging violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and Title VII of the Civil Rights Act of 1964, as amended.

### III.   LEGAL ALLEGATIONS

#### Count I:  Violation of the Pregnancy Discrimination Act

44. Speicher hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

45. Speicher was medically cleared and able to perform her job from December 1, 2014, until December 7, 2014.

46. Community Dental knowingly and intentionally discriminated against Speicher by requiring her to remain on leave from December 1, 2014, until December 7, 2014 in violation of the Pregnancy Discrimination Act.

47. As a result of Community Dental's discriminatory practices, Speicher has sustained economic injury in lost earnings and benefits and lost earning potential.

5

48. As a result of Community Dental's discriminatory practices, Speicher has sustained severe emotional injury and pain and suffering.

49. Community Dental acted knowingly and intentionally to deliberately discriminate against Speicher with malice and in reckless disregard for her federally protected rights.

### Count II: Violation of Title VII – Sex Discrimination

50. Speicher hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

51. Community Dental's termination of Speicher was an adverse employment action.

52. Community Dental terminated Speicher because of her sex and specifically due to her recent pregnancy and childbirth.

53. Community Dental unlawfully discharged Speicher in violation of Title VII because of her sex and pregnancy status.

54. As a result of Community Dental's discriminatory practices, Speicher has sustained economic injury in lost earnings and benefits and lost earning potential.

55. As a result of Community Dental's discriminatory practices, Speicher has sustained severe emotional injury and pain and suffering.

56. Community Dental acted knowingly and intentionally to deliberately discriminate against Speicher with malice and in reckless disregard for her federally protected rights.

### Count III: Violation of Title I of the Americans with Disabilities Act

57. Speicher hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

58. Speicher became aware she was pregnant in April 2014. Speicher developed gestational diabetes, a disability under the Americans with Disabilities Act.

59. At all relevant times, Community Dental knew of Speicher's disability.

60. Speicher's disability in no way hindered her ability to perform the essential functions of her job.

61. No accommodation of Speicher's disability was needed or requested.

62. Community Dental knowingly and intentionally discriminated against Speicher by treating her differently than similarly situated employees in the terms and conditions of her employment because of her disability, specifically, by harassing her for going to weekly doctor appointments for her condition and by refusing to allow her to return to work while she was medically able to work.

63. As a result of Community Dental's discriminatory practices, Speicher has sustained economic injury in lost earnings and benefits and lost earning potential.

64. As a result of Community Dental's discriminatory practices, Speicher has sustained severe emotional injury and pain and suffering.

65. Community Dental discriminated against Speicher deliberately and with malice and in reckless disregard of her federally-protected rights.

## IV.   RELIEF REQUESTED

Plaintiff requests the following relief:

    a. Compensatory damages;

    b. Damages to compensate Speicher for mental anguish and emotional distress;

    c. Liquidated damages and/or punitive damages;

    e. All costs and reasonable attorney fees incurred in litigation of this action;

    f. Pre-judgment and post-judgment interest; and

7

    g.  Any and all other legal and/or equitable relief to which Plaintiff is entitled.

WHEREFORE, Plaintiff Tara Speicher, by counsel, requests a judgment in her favor, the costs of this action, a trial by jury, and for all other just and proper relief.

                    Respectfully submitted,

                    */s/ Kathleen A. DeLaney*
                    Kathleen A. DeLaney (#18604-49)
                    Kathleen E. Field (#28559-49)
                    DeLaney & DeLaney LLC
                    3646 Washington Blvd.
                    Indianapolis, IN 46205

## **JURY DEMAND**

Plaintiff, Tara Speicher, by counsel, hereby demands a trial by jury on all issues so triable.

                    Respectfully submitted,

                    */s/ Kathleen A. DeLaney*
                    Kathleen A. DeLaney (#18604-49)
                    Kathleen E. Field (#28559-49)
                    DeLaney & DeLaney LLC
                    3646 Washington Blvd.
                    Indianapolis, IN 46205